UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jacqueline Avritt and Alan Avritt,

       Plaintiffs,

v.                                                            Civil No. 07-1817 (JNE/JJG)
                                                           ORDER

Reliastar Life Insurance Company,

       Defendant.

Plaintiffs Jacqueline and Alan Avritt brought this action against Defendant Reliastar Life Insurance Company (Reliastar). The Court denied Plaintiffs' motion for class certification in an Order dated February 23, 2009. The case is before the Court on Plaintiffs' Motion to Determine Continuing Jurisdiction and for Additional Relief.

"It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction." *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "Even in the absence of a challenge from any party, courts have an independent obligation to determine whether subject matter jurisdiction exists." *Sac & Fox Tribe of the Miss. in Iowa, Election Bd. v. Bureau of Indian Affairs*, 439 F.3d 832, 836 (8th Cir. 2006).

Plaintiffs question whether, in light of denial of their motion for class certification, jurisdiction still exists under the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.) (CAFA). *See* 28 U.S.C. § 1332(d) (2006). Section 1332(d)(2) provides that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which [certain minimal diversity requirements have been met]." Section 1332(d)(8) states that "[t]his subsection shall apply to any class action

1

before or after the entry of a class certification order by the court with respect to that action." The statute defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id.* § 1332(d)(1)(B). "Class certification order" signifies "an order issued by a court approving the treatment of some or all aspects of a civil action as a class action." *Id.* § 1332(d)(1)(C).

Districts courts are divided on whether jurisdiction under CAFA continues to exist following the denial of class certification or dismissal of class claims. District courts that have concluded that jurisdiction under CAFA continues typically note that jurisdiction is determined at the time the complaint is filed or at the time of removal. *See, e.g.*, *Allen-Wright v. Allstate Ins. Co.*, No. 07-cv-4087, 2009 WL 1285522, at *3 (E.D. Pa. May 5, 2009); *In re HP Inkjet Printer Litig.*, No. C 05-3580, 2009 WL 282051, at *1-2 (N.D. Cal. Feb. 5, 2009); *Brinston v. Koppers Indus., Inc.*, 538 F. Supp. 2d 969, 974-75 (W.D. Tex. 2008); *Colomar v. Mercy Hosp., Inc.*, No. 05-22409, 2007 WL 2083562, at *2-3 (S.D. Fla. July 20, 2007); *Genenbacher v. Centurytel Fiber Co. II, LLC*, 500 F. Supp. 2d 1014, 1016 (C.D. Ill. 2007). These courts then treat the denial of class certification as a change in a jurisdictional fact, and they rely on the general principle that changes in jurisdictional facts do not affect continued jurisdiction. *See, e.g.*, *Allen-Wright*, 2009 WL 1285522, at *3; *In re HP Inkjet Printer Litig.*, 2009 WL 282051, at *2; *Brinston*, 538 F. Supp. 2d at 974-75; *Colomar*, 2007 WL 2083562, at *2-3; *Genenbacher*, 500 F. Supp. 2d at 1016-17. Some of these courts observe that, even if class certification is denied, the matter may be revisited later in the case. *See, e.g.*, *Allen-Wright*, 2009 WL 1285522, at *4; *Genenbacher*, 500 F. Supp. 2d at 1017; *cf.* 28 U.S.C. § 1332(d)(8) (providing for jurisdiction "before . . . the entry of a class certification order"). In addition, some courts note that, if CAFA

jurisdiction is lost when class claims are no longer operative, plaintiffs could engage in forum shopping by withdrawing their class claims in order to manufacture a remand to state court or a dismissal without prejudice. *See, e.g.*, *Garcia v. Boyar & Miller, P.C.*, Nos. 3:06-CV-1936-D, 3:06-CV-1937-D, 3:06-CV-1938-D, 3:06-CV-1939-D, 3:06-CV-2177-D, 3:06-CV-2206-D; 3:06-CV-2236-D, 3:06-CV-2241-D, 2007 WL 1556961, at *3 (N.D. Tex. May 30, 2007); *Genenbacher*, 500 F. Supp. 2d at 1017 n.3.

District courts that have concluded that jurisdiction under CAFA does not exist treat the denial of class certification not as a post-filing or post-removal change in jurisdictional facts but as a legal determination that the plaintiffs' claims did not constitute an actual or potential class action. *See, e.g.*, *Muehlbauer v. Gen. Motors Corp.*, No. 05 C 2676, 2009 WL 874511, at *9 (N.D. Ill. Mar. 31, 2009); *Salazar v. Avis Budget Group, Inc.*, No. 07-cv-0064, 2008 WL 5054108, at *5-6 (S.D. Cal. Nov. 20, 2008); *Jones v. Jeld-Wen, Inc.*, No. 07-22328-CIV, 2008 WL 4541016, at *3 (S.D. Fla. Oct. 2, 2008); *Clausnitzer v. Fed. Express Corp.*, No. 06-21457-CIV, 2008 WL 4194837, at *4 (S.D. Fla. June 18, 2008); *Arabian v. Sony Elecs. Inc.*, No. 05cv1741, 2007 WL 2701340, at *5 (S.D. Cal. Sept. 13, 2007). As a result, these courts conclude that the denial of class certification is effectively a determination that there is not and never was CAFA jurisdiction. *See, e.g.*, *Muehlbauer*, 2009 WL 874511, at *9; *M.S. Wholesale Plumbing, Inc. v. Univ. Sports Publ'ns Co.*, No. 4:07CV00730, 2008 WL 5225823, at *2 (E.D. Ark. Dec. 10, 2008); *Salazar*, 2008 WL 5054108, at *5-6; *Jones*, 2008 WL 4541016, at *3; *Clausnitzer*, 2008 WL 4194837, at *3; *Arabian*, 2007 WL 2701340, at *5; *cf.* 28 U.S.C. § 1332(d)(1)(C) (defining "class certification order" as "an order issued by a court approving the treatment of some or all aspects of a civil action as a class action"); *id.* § 1332(d)(8) (stating that CAFA applies "before or after the entry of a class certification order"). In dismissing actions for

lack of jurisdiction following the denial of class certification, these courts often note that their earlier rulings on class certification were final, that is, that no there was no reasonably foreseeable possibility that class certification might be reconsidered in the future. *See, e.g.*, *Muehlbauer*, 2009 WL 874511, at *9-10; *Salazar*, 2008 WL 5054108, at *5; *Jones*, 2008 WL 4541016, at *4; *Clausnitzer*, 2008 WL 4194837, at *4; *Arabian*, 2007 WL 2701340, at *5; *cf.* 28 U.S.C. § 1332(d)(8) (providing for jurisdiction "before . . . the entry of a class certification order").

The Court concludes that, when class certification has been denied and there is no reasonably foreseeable possibility that a class could ever be certified, jurisdiction under CAFA does not exist. As noted above, section 1332(d)(8) provides that section 1332(d) "shall apply to any class action before or after the entry of a class certification order." Section 1332(d)(1)(C) specifies that a class certification order is an order *approving* class certification. Accordingly, section 1332(d)(8) does not state that section 1332(d) applies after an order *denying* class certification, thereby indicating that CAFA is inapplicable under such circumstances. *See Watt v. GMAC Mortgage Corp.*, 457 F.3d 781, 783 (8th Cir. 2006) ("A standard axiom of statutory interpretation is *expressio unius est exclusio alterius*, or the expression of one thing excludes others not expressed."). Furthermore, section 1332(d)(2) grants district courts jurisdiction over "any civil action" that "is a class action" and that meets certain other requirements not at issue here. Whether an action is a class action depends on how the action was filed and not whether class certification is ever granted. *See* 28 U.S.C. § 1332(d)(1)(B). As a result, if section 1332(d)(8) were interpreted to indicate that a court has jurisdiction both before and after an order either granting or denying class certification, section 1332(d)(8) would be a superfluous partial restatement of section 1332(d)(2). Such an interpretation should be avoided. *See United States*

*v. Stanko*, 491 F.3d 408, 413 (8th Cir. 2007) (stating that statutes should be construed to avoid interpretations that render some words redundant). Finally, while no circuit court appears to have addressed the issue in any detail, the First Circuit recently issued an opinion that assumed that the denial of class certification divests a district court of jurisdiction under CAFA. *See In re TJX Cos. Retail Sec. Breach Litig.*, 564 F.3d 489, 492-93 (1st Cir. 2009).

In this case, the Court has denied class certification, and the Court concludes that there is no reasonably foreseeable possibility that the issue of class certification will be revisited. Consequently, the Court concludes that subject matter jurisdiction under CAFA does not exist.

In addition, it does not appear that the Court has subject matter jurisdiction on standard diversity grounds. *See* 28 U.S.C. § 1332(a). Diversity of citizenship exists between Plaintiffs and Reliastar. However, according to a report prepared by Plaintiffs' expert, Alan Avritt's estimated damages range from $2,949 to $6,068, and Jacqueline Avritt's estimated damages range from $1,742 to $5,341. Reliastar does not appear to dispute these estimates. While under some of their claims Plaintiffs may be entitled to recover treble damages and attorney fees— though presumably not attorney fees incurred solely as part of the failed class litigation— Plaintiffs' claims do not, at least individually, appear likely to meet the jurisdictional minimum amount in controversy. *See Crawford*, 267 F.3d at 766-67 (stating that, while "[s]tatutory attorney fees do count toward the jurisdictional minimum for diversity jurisdiction," they may not generally be aggregated across plaintiffs to satisfy the amount-in-controversy requirement). Nonetheless, the parties have not addressed the amount-in-controversy requirement in any detail, and the Court determines they should be given an opportunity to do so before the action is dismissed. Therefore, IT IS ORDERED THAT:

*v. Stanko*, 491 F.3d 408, 413 (8th Cir. 2007) (stating that statutes should be construed to avoid interpretations that render some words redundant). Finally, while no circuit court appears to have addressed the issue in any detail, the First Circuit recently issued an opinion that assumed that the denial of class certification divests a district court of jurisdiction under CAFA. *See In re TJX Cos. Retail Sec. Breach Litig.*, 564 F.3d 489, 492-93 (1st Cir. 2009).

In this case, the Court has denied class certification, and the Court concludes that there is no reasonably foreseeable possibility that the issue of class certification will be revisited. Consequently, the Court concludes that subject matter jurisdiction under CAFA does not exist.

In addition, it does not appear that the Court has subject matter jurisdiction on standard diversity grounds. *See* 28 U.S.C. § 1332(a). Diversity of citizenship exists between Plaintiffs and Reliastar. However, according to a report prepared by Plaintiffs' expert, Alan Avritt's estimated damages range from $2,949 to $6,068, and Jacqueline Avritt's estimated damages range from $1,742 to $5,341. Reliastar does not appear to dispute these estimates. While under some of their claims Plaintiffs may be entitled to recover treble damages and attorney fees— though presumably not attorney fees incurred solely as part of the failed class litigation— Plaintiffs' claims do not, at least individually, appear likely to meet the jurisdictional minimum amount in controversy. *See Crawford*, 267 F.3d at 766-67 (stating that, while "[s]tatutory attorney fees do count toward the jurisdictional minimum for diversity jurisdiction," they may not generally be aggregated across plaintiffs to satisfy the amount-in-controversy requirement). Nonetheless, the parties have not addressed the amount-in-controversy requirement in any detail, and the Court determines they should be given an opportunity to do so before the action is dismissed. Therefore, IT IS ORDERED THAT:

1. The parties may make such filings as are necessary to establish that Plaintiffs' claims satisfy the amount-in-controversy requirement of 28 U.S.C. § 1332(a). If no such showing is made on or before June 25, 2009, the Court will dismiss this action for lack of subject matter jurisdiction.

Dated: June 18, 2009

                                              s/ Joan N. Ericksen
                                              JOAN N. ERICKSEN
                                              United States District Judge